[Cite as *State v. Stroughter*, 2012-Ohio-1504.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   11 MA 86 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| JERMAINE STROUGHTER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 10CR1045.

JUDGMENT:                        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Attorney Donna Jewell McCollum
                                 201 East Commerce Street, Suite 346
                                 Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                 Dated:  March 30, 2012

VUKOVICH, J.

{¶1} Defendant-appellant Jermaine Stroughter appeals from his conviction and sentence entered in the Mahoning County Common Pleas Court for possession of heroin. Appointed appellate counsel filed a no merit brief and requested leave to withdraw. A review of the case file and brief reveals that there are no appealable issues. Thus, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

## STATEMENT OF CASE

{¶2} On October 7, 2010, Stroughter was indicted for possession of heroin in violation of R.C. 2925.11(A)(C)(6)(c), a third-degree felony. Thereafter, Stroughter entered a not guilty plea, filed discovery requests and waived his right to a speedy trial. On March 16, 2011, Stroughter withdrew his not guilty plea and entered a guilty plea to the indicted offense. The state agreed to make no recommendation as to sentencing. The trial court accepted the guilty plea. Sentencing occurred on April 27, 2011; Stroughter received a five year term of incarceration, none of which was mandatory. The trial court informed Stroughter that after the completion of the prison term an optional period of three years of postrelease control may follow. 05/02/11 J.E. Stroughter timely appealed. Counsel has filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

## ANALYSIS

{¶3} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit or an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this district, it has also been called a *Toney* brief. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970).

{¶4} In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

{¶5} "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so

advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**{¶6}** "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

**{¶7}** "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{¶8}** "* * *

**{¶9}** "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." *Id.* at syllabus.

**{¶10}** The no merit brief was filed by counsel on September 21, 2011. On September 27, 2011, we granted Stroughter thirty days to file "his own written brief, listing any claims of error he chooses." Prior to that deadline, Stroughter, *pro se*, filed a request for an extension to file a *pro se* brief. On November 18, 2011, we informed Stroughter that he was granted an extension to file his brief by December 12, 2011. However, Stroughter has not filed a brief with this court. Thus, the analysis will proceed with an independent examination of the record to determine if the appeal is frivolous.

**{¶11}** The no merit brief reviews the plea and sentence. Counsel concludes that there are no appealable issues and that the appeal is frivolous. This court's independent review of the file reveals that these two areas are the only possible arguments that could be made in this appeal. Each will be reviewed in turn.

## PLEA

**{¶12}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining

witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19-21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

{¶13} The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 19-26 (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

{¶14} The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Stroughter was informed that by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor, his right to have the state prove at trial each and every element of the offense of possession of heroin by proof beyond a reasonable doubt and his right to not testify at trial or any other proceeding. 03/15/11 Plea Tr. 3-4. Stroughter indicated that he understood that that was the effect of his guilty plea. 03/15/11 Plea Tr. 4.

{¶15} As to the Crim.R. 11(C) advisement on the nonconstitutional rights, Stroughter was advised of the charge against him, possession of heroin. 03/15/11 Plea Tr. 2-4. He was correctly advised of the maximum penalty involved, five years in prison, five years license suspension, $10,000 fine and he could be subject to a three year period of postrelease control. 03/15/11 Tr. 5-6. See also R.C. 2929.14(A)(3) (version in effect at time of crime and sentencing states that the maximum term for a third-degree felony is five years); R.C. 2929.18(A)(3)(c) (stating the maximum fine for a third-degree felony is $10,000); R.C. 2967.28(C) (indicating that a third-degree felony that is not subject to (B)(1)-(3) is subject up to a three year term of postrelease control). The trial court advised him that he is eligible for a community control sanction. 03/15/11 Plea Tr. 5; R.C. 2925.11(C)(6)(c). The trial court also informed him that it could proceed immediately to sentencing after accepting the guilty plea. 03/25/11 Plea Tr. 4-5. These advisements more than substantially complied with Crim.R. 11(C).

{¶16} Therefore, considering all the above, we find that the plea colloquy complied with Crim.R. 11(C) and, as such, the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the plea.

SENTENCING

{¶17} We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009-Ohio-695, ¶ 8; *State v. Gray,* 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶ 17. Our initial inquiry is whether the sentence is clearly and convincingly contrary to law; whether the sentencing court complied with all applicable rules and statutes in imposing the sentence. *Gratz* at ¶ 8, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 13–14. If it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

{¶18} Here, Stroughter pled guilty to possession of heroin. The trial court sentenced Stroughter to a five year term of incarceration. 04/27/11 Sentencing Tr. 6; 05/02/11 J.E. This sentence is within the applicable sentencing range for a third-

degree felony. R.C. 2929.14(A)(3) (version in effect at time of sentencing allowing for a sentence of one, two, three, four or five years).

**{¶19}** Furthermore, at the sentencing hearing and in the judgment entry, the trial court indicated that it considered both R.C. 2929.11 and R.C. 2929.12 when rendering the sentence. In the Judgment Entry it stated:

**{¶20}** "The Court has considered the record, the oral statements and the pre-sentencing investigation report, as well as the principles and purpose of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

**{¶21}** "* * *

**{¶22}** "The Court believes the Defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11." 05/02/11 J.E.

**{¶23}** At the sentencing hearing, the trial court made the following statement:

**{¶24}** "The court has considered the record and the oral statements made and the recommendation contained within the presentence investigation report that was prepared. The court has also considered the principles and purposes of sentencing under Ohio Revised Code 2929.11 and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12. The court finds the defendant did plead guilty to one count of possession of heroin, a violation of Ohio Revised Code 2925.11(A)(C)(6)(c), a felony of the third degree.

**{¶25}** "In looking at the recidivism factors the court finds that the defendant has been – has both a state prison record and a felony prison record – I mean a federal prison record. The court also notes that the defendant has been given judicial release and probation and both were revoked. The court has also looked at the juvenile record the defendant has. Therefore, the defendant's sentenced to five years in the Department of Rehabilitation and Corrections with credit for 104 days served as of this date along with any future days in custody while he awaits transportation to the appropriate state institution." 04/27/11 Sentencing Tr. 5-6.

**{¶26}** Thus, it is apparent that the trial court considered the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. It considered the oral statement by Stroughter of his remorse. It also

considered his extensive criminal record, including drug offenses, which is apparent from the PSI.

**{¶27}** Since the sentence is within the applicable sentencing range and the trial court considered the applicable statutes in determining the appropriate sentence, we find that the sentence is not clearly and convincingly contrary to law and that the trial court did not abuse its discretion by imposing the five year sentence.

## CONCLUSION

**{¶28}** For the foregoing reasons, the judgment of the trial court is hereby affirmed. There are no appealable issues and, as such, counsel's motion to withdraw is granted.

Donofrio, J., concurs.
Waite, P.J., concurs.