[Cite as *State v. Morris*, 2013-Ohio-1736.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  6-12-17

      v.

ROBERT LEE MORRIS,                 **O P I N I O N**

      DEFENDANT-APPELLANT.


Appeal from Hardin County Common Pleas Court

Trial Court No. CRI 20102166

**Judgment Affirmed**

Date of Decision:   April 29, 2013


APPEARANCES:

    *Nicole M. Winget*  for Appellant

    *Bradford W. Bailey and Destiny R. Hudson*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Robert Lee Morris ("Morris") appeals the October 5, 2012, judgment of the Hardin County Common Pleas Court revoking Morris's community control and sentencing Morris to 6 years and 11 months in prison. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On January 11, 2011, Morris pled guilty to one count of Burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, one count of Felonious Assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, and one count of Theft of Credit Cards in violation of R.C. 2913.02(A)(1), (B)(2), a felony of the fifth degree.

{¶3} Subsequently, the State and Morris jointly recommended a sentence, which the court adopted. (Doc. 45). As part of this sentence, Morris was placed on community control for a period of 3 years with the special condition that he successfully complete treatment at the W.O.R.T.H. center. (*Id.*) Morris was also informed that in the event he violated his community control he would face a definite prison term of 3 years for the Burglary conviction, a definite prison term of 3 years for the Felonious Assault conviction, and a definite prison term of 11 months for the Theft of Credit Cards conviction, all to be served consecutively for an aggregate prison term of 6 years and 11 months. (*Id.*) An entry reflecting this sentence was filed March 17, 2011. (*Id.*)

{¶4} On September 21, 2012, the State filed a Motion for Revocation of Supervision. (Doc. 53). On October 5, 2012, a hearing was held on the motion. At the hearing, Morris admitted to multiple violations of his community control. Those violations included that Morris was in possession of drug paraphernalia, that Morris failed to report to his supervising officer, and that Morris used cocaine in violation of the express provisions of his community control. (Tr. at 4-5). Based upon Morris's admissions and the facts, the trial court found Morris had violated the terms of his community control and that Morris was no longer amenable to community control. The court then imposed the reserved 6 year and 11 month prison sentence. (Doc. 62). An entry reflecting this sentence was filed October 5, 2012. (*Id.*)

{¶5} It is from this judgment that Morris appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION WHEN IT FAILED TO CONSIDER ANY MITIGATING FACTORS PRIOR TO ISSUING A MAXIMUM SENTENCE.**

{¶6} In his assignment of error, Morris argues that the trial court abused its discretion when the court "failed to consider any mitigating factors prior to issuing a maximum sentence." Specifically, Morris argues that only negative factors were considered during Morris's sentencing and that no mitigating factors were taken into account by the sentencing court. Morris contends that the trial court "took the

time to outline the factors it considered from [R.C.] 2929.12(B), but did not outline a single factor from [R.C.] 2929.12(C)." (Appt. Br. at 4).

{¶7} A reviewing court must conduct a meaningful review of the trial court's imposed sentence. *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8 citing *State v. Carter,* 11th Dist. No.2003–P–0007, 2004-Ohio-1181. In particular, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal.

> **(2) The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b) That the sentence is otherwise contrary to law.**

{¶8} Furthermore, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the

seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. *See* R.C. 2929.11(A),(B).

{¶9} At the outset we would note that despite the characterization of Morris's assignment of error, Morris was not sentenced to a "maximum sentence." Morris was facing up to 8 years in prison on each of the Burglary and Felonious Assault charges, and a possible 12 month prison term on the Theft of Credit Cards charge. However, ultimately Morris was ordered to serve 3 years in prison on each of the former two charges and 11 months in prison on the latter charge, all to be served consecutively for an aggregate prison term of 6 years and 11 months. Therefore, despite his characterization, Morris did not receive a maximum sentence.

{¶10} Next, we would note that Morris is complaining about a "jointly recommended sentence." The record reflects that the sentence of community control and the reserved consecutive prison terms to be imposed upon Morris in the event of a violation of his community control were part of a jointly recommended sentence by the State and Morris. (Doc. 45).

{¶11} "Pursuant to R.C. 2953.08, a sentence is not subject to review when the sentence is (1) authorized by law; (2) jointly recommended by the parties; and (3) imposed by the sentencing judge." *State v. Kryling*, 3d Dist. 5-10-25, 2011-

Ohio-166, ¶ 7, citing *State v. Giesey,* 3d Dist. No. 5-06-31, 2006-Ohio-6851, ¶ 8, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 8. In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *Porterfield*, at ¶ 25. Therefore, it is not necessary for us to address Morris's argument as it pertains to the lawfulness of his sentence, because the court's imposition of non-minimum, consecutive sentences in this case was done as part of a joint sentencing recommendation and is not subject to review. *State v. Townsend*, 5th Dist. No. 09-CA-42, 2009-Ohio-5664, ¶ 31; *State v. Wyche,* 10th Dist. No. 06AP-1047, 2007-Ohio-2784, at ¶ 6; *State v. Dye,* 4th Dist. No. 06CA24, 2007-Ohio-3934.

{¶12} However, even if Morris's argument was subject to review, R.C. 2929.12(C)(4) only requires that the trial court *consider* any potential mitigating factors. *See* R.C. 2929.12(C)(4). The statute does not require the trial court to make findings on the record regarding mitigating factors. Nevertheless, when originally sentencing Morris, the trial court stated that it had "considered the record, oral statements, any victim impact statements, joint sentencing recommendation of the parties, the pre-sentence investigation report prepared, as

well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors in Ohio Revised Code Section 2929.12."[1] (Doc. 45). Thus there is nothing to suggest that the court did not consider mitigating factors at the time of the original sentencing.

{¶13} For the foregoing reasons, Morris's assignment of error is overruled and the judgment of the Hardin County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**ROGERS, J., concurs in Judgment Only.**

**/jlr**

---

[1] In reviewing the record, we would note that Morris's pre-sentencing investigation report stated the opinion that Morris was "not amenable to an available Community Control sanction." Nevertheless, the court followed the parties' joint sentencing recommendation and placed Morris on community control.