[Cite as *State v. Phillips*, 2020-Ohio-2785.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO. 1-19-43

v.

NEELY R. PHILLIPS,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2018 0121

**Judgment Affirmed**

**Date of Decision: May 4, 2020**

APPEARANCES:

    *Donald Gallick* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Neely R. Phillips ("Phillips"), appeals the August 20, 2018 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On May 17, 2018, the Allen County Grand Jury indicted Phillips on seven counts: Counts One, Two, Three, and Six of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), second-degree felonies; Counts Four and Five of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), third-degree felonies; and Count Seven of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. (Doc. No. 4). On May 25, 2018, Phillips appeared for arraignment and entered pleas of not guilty to the counts in the indictment. (Doc. No. 10).

{¶3} On July 2, 2018, under a negotiated plea agreement, Phillips withdrew her pleas of not guilty and entered guilty pleas to Counts One, Two, Four, and Five. (Doc. Nos. 23, 24). In exchange, the State agreed to dismiss Counts Three, Six, and Seven. (*Id.*). The trial court accepted Phillips's guilty pleas, found her guilty, and ordered a presentence investigation. (Doc. No. 24). The trial court also dismissed Counts Three, Six, and Seven. (*Id.*).

{¶4} On August 20, 2018, the trial court sentenced Phillips to 6 years in prison on Count One, 5 years in prison on Count Two, 24 months in prison on Count

Four, and 24 months in prison on Count Five. (Doc. No. 29). The trial court ordered that the prison terms imposed in Counts One, Two, Four, and Five be served consecutively to one another for an aggregate term of 15 years' imprisonment. (*Id.*).

{¶5} Phillips filed her notice of appeal on July 5, 2019.[1] (Doc. No. 35). She raises two assignments of error.

### Assignment of Error No. I

**The plea violated Criminal Rule 11 as the trial court failed to inform Appellant on the record that she had the Constitutional right to testify and if she chose to remain silent the State could not comment on her silence as required by the Fifth, Sixth, and Fourteenth Amendments.**

{¶6} In her first assignment of error, Phillips argues that the trial court erred by failing to adhere to the requirements of Crim.R. 11 at her change-of-plea hearing. Specifically, Phillips argues that the trial court failed to inform her at the time of her change of plea that she had the right to testify on her own behalf at trial and that if she chose to remain silent, the State could not comment on the fact that she did not testify. Phillips contends that as a result of the aforementioned omissions, her plea is rendered invalid.

{¶7} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-

---

[1] On July 5, 2019, Phillips filed a motion for leave to file a delayed appeal. (Appellate Doc. No. 2). On August 14, 2019, this court granted Phillips's motion for leave to file a delayed appeal. (Appellate Doc. No. 4).

Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'Crim.R. 11(C) is intended to ensure that guilty pleas are entered knowingly, intelligently, and voluntarily.'" *Id.*, quoting *State v. Cortez*, 3d Dist. Hancock Nos. 5-07-06 and 5-07-07, 2007-Ohio-6150, ¶ 16, citing *State v. Windle*, 4th Dist. Hocking No. 03CA16, 2004-Ohio-6827, ¶ 7. "'Failure to ensure that a plea is entered knowingly, intelligently, and voluntarily renders its enforcement unconstitutional.'" *State v. Howard*, 3d Dist. Logan Nos. 8-17-01 and 8-17-09, 2017-Ohio-8020, ¶ 19, quoting *State v. Phillips*, 3d Dist. Van Wert No. 15-12-02, 2012-Ohio-5950, ¶ 24, citing *Engle* at 527. "'Prejudice is presumed if the court fails to inform the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c).'" *Id.* at ¶ 20, quoting *State v. Thomas*, 3d Dist. Mercer No. 10-10-17, 2011-Ohio-4337, ¶ 20. Crim.R. 11(C) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible

for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶8} The advisements under Crim.R. 11(C)(2) can be divided into the constitutional requirements found in Crim.R. 11(C)(2)(c) and the nonconstitutional requirements found in Crim.R. 11(C)(2)(a) and (b). *Howard* at ¶ 20, citing *State v. Scarnati*, 11th Dist. Portage No. 2001-P-0063, 2002 WL 255502, *3 (Feb. 22, 2002). "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the

defendant's constitutional rights." *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. "[T]he failure to strictly comply with Crim.R. 11(C)(2)(c) invalidates a guilty plea." *Howard* at ¶ 20, citing *Scarnati* at *3. "To that end, the preferred method of informing a criminal defendant of his constitutional rights is to use the language contained in Crim.R. 11(C)(2)(c)." *State v. Hayward*, 6th Dist. Wood No. WD-17-010, 2017-Ohio-8611, ¶ 6, citing *Veney* at ¶ 18. "The failure to recite the language of the rule word-for-word will not invalidate a plea agreement, however, so long as 'the record demonstrates that the trial court explained the constitutional right[s] in a manner reasonably intelligible to that defendant.'" *Id.*, citing *Veney* at ¶ 27, quoting *State v. Ballard*, 66 Ohio St.2d 473, 480 (1981) and *State v. Barker,* 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 15.

{¶9} At the change-of-plea hearing, the trial court engaged in the following exchange with Phillips:

[Trial Court]:    If you plead guilty you're going to give up some very important rights. You have the right to have a trial. You can have a jury trial or a trial to a Judge. But, if you plead guilty and admit to these four counts you give up your right to have a trial. Do you understand that?

[Phillips]:        Yes, sir.

[Trial Court]:     If you plead guilty you give up your right to confront the witnesses that the State would have testify against you – police agents, undercover Officers, the chemist, or if there was a confidential informant. They don't have to bring those people in and you don't have a chance to ask those people questions and cross examine them. Do you understand?

[Phillips]:        Yes, sir.

[Trial Court]:     On the other side of that coin is if you plead guilty you give up your right to present your own witnesses and evidence that's favorable to you or to ask the Court to subpoena witnesses [ ] to come in and testify for you. You give that up. Understood?

[Phillips]:        Yes, sir.

[Trial Court]:     By entering the plea you're giving up your right to require the Prosecutor's Office to prove all of these allegations with proof beyond a reasonable doubt. In other words, they don't have to prove it if you

> plead guilty because you're admitting it. Do you understand that?
>
> [Phillips]: Yes, sir.
>
> [Trial Court]: If you plead guilty you give up your right to remain silent at a trial where you cannot be forced to testify against yourself. Do you understand that?
>
> [Phillips]: Yes, sir.
>
> [Trial Court]: Are you willing to give up those rights?
>
> [Phillips]: Yes, sir.
>
> [Trial Court]: Do you have any question about any of that?
>
> [Phillips]: No, sir.

(July 2, 2018 Tr. at 13-15). Thus, the trial court advised Phillips of her constitutional rights to a jury trial, to confront the witnesses against her, to use compulsory process to obtain witnesses in her favor, to have the State prove her guilt beyond a reasonable doubt at trial, and the privilege against self-incrimination.

{¶10} However, Phillips argues that the trial court failed to adequately inform her of her constitutional rights at her change of plea hearing because the trial court failed to inform her that (1) she has the constitutional right not to allow anyone to comment on her decision to not testify at trial and (2) she has the constitutional right to take the witness stand in her own defense. (Appellant's Brief at 5).

**{¶11}** In support of her position, Phillips cites several cases from the Seventh and Eighth District Court of Appeals that included the "right not to testify" as a constitutional right explained during the plea colloquy. *See State v. Adams*, 7th Dist. Mahoning No. 12 MA 9, 2012-Ohio-5979, ¶ 22 ("Adams was informed and indicated that he understood that by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor, his right to have the state prove at trial each and every element of the offense of rape by proof beyond a reasonable doubt and his right to not testify at trial or any other proceeding."); *State v. Stroughter*, 7th Dist. Mahoning No. 11 MA 86, 2012-Ohio-1504, ¶ 14 (stating that the trial court's advisement on the Defendant's constitutional rights "strictly complied" with Crim.R. 11(C)(2)(c) where the Defendant "was informed that by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor, his right to have the state prove at trial each and every element of the offense of possession of heroin by proof beyond a reasonable doubt and his right to not testify at trial or any other proceeding"); *State v. Williams*, 8th Dist. Cuyahoga No. 95853, 2011-Ohio-2551, ¶ 18 (noting that the trial court "strictly complied" with Crim.R. 11(C)(2)(c) when it advised Williams that "he would be waiving or giving up his constitutional right to have a trial by jury or before a judge, his right to subpoena witnesses to appear and testify, his right to cross-examine

witnesses, the right to have the State prove his guilt beyond a reasonable doubt, and the right to not testify, nor be compelled to testify, at trial"). Phillips also cites a case in which the Tenth District Court of Appeals referenced the right to testify on one's own behalf as "a constitutional right that is not listed in Crim.R. 11(C)(2)(c)." *State v. Troiano*, 10th Dist. Franklin No. 09AP-862, 2010-Ohio-3019, ¶ 8, *rev'd on other grounds*, *State v. Troiano*, 130 Ohio St.3d 316, 2011-Ohio-5217.

{¶12} However, the cases Phillips cites are not controlling on this court. Furthermore, Crim.R. 11(C)(2)(c) does not include a "catchall" provision indicating that the trial court is obligated to inform the defendant of other constitutional rights waived. *State v. Stewart*, 11th Dist. Ashtabula No. 2010-A-0026, 2011-Ohio-2582, ¶ 20. Rather, the language of the Crim.R. 11(C)(2)(c) "supports the conclusion that the list of cited rights was intended to be exclusive." *Id.* Additionally, Ohio courts have specifically found that the trial court does not need to advise a defendant of the right to testify on their own behalf for a plea colloquy to satisfy the requirements of Crim.R. 11. *See State v. Vialva*, 8th Dist. Cuyahoga No. 104199, 2017-Ohio-1279, ¶ 11 ("[T]he advisement of a defendant's right to testify is not necessary to ensure the validity of a defendant's guilty plea."); *Stewart* at ¶ 21 ("[I]t is not necessary for a trial court to expressly address the right to testify in order for a guilty plea to be made knowingly and intelligently."). Moreover, this court has stated that in order to comply with Crim.R. 11(C)(2)(c), the trial court must inform the defendant that

he or she is waiving "(1) the Fifth Amendment privilege against self-incrimination, (2) the right to a jury trial, (3) the right to confront accusers, (4) the right to the compulsory process of witness, and (5) the right to be proven guilty beyond a reasonable doubt." *Howard*, 2017-Ohio-8020, at ¶ 20, citing *Scarnati*, 2002 WL 255502, at *3, citing *State v. Gruber*, 11th Dist. Lake No. 2000-L-031, 2001 WL 1401943, *4 (Nov. 9, 2001), citing *State v. Nero*, 56 Ohio St.3d 106, 107-108 (1990).

{¶13} Here, the trial court advised Phillips of each of the constitutional rights enumerated in Crim.R. 11(C)(2)(c), and thus, it strictly complied with the criminal rule and properly advised Phillips of the constitutional rights she was waiving by pleading guilty. Additionally, our review of the entirety of the record indicates that Phillips also had an understanding of the charges to which she was pleading guilty and the maximum penalties involved. Thus, we find that Phillips entered her plea knowingly, intelligently, and voluntarily.

{¶14} Accordingly, Phillips's first assignment of error is overruled.

**Assignment of Error No. II**

**The August 20, 2018 sentencing entry is deficient because it fails to include all of the findings for consecutive sentencing required by Ohio Revised Code § 2929.14(C), et seq. and the sentences should be modified to concurrent sentences, or in the alternative the sentencing entry vacated and remanded.**

**{¶15}** In her second assignment of error, Phillips argues that the trial court erred by failing to include consecutive-sentencing findings in its judgment entry of sentence. We disagree.

**{¶16}** "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶17}** "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the

offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-

24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶19} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶20} R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. However, under R.C. 2953.08(D)(1), "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that '[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the

parties agreed that the sentence is appropriate.'" *State v. Morris*, 3d Dist. Hardin No. 6-12-17, 2013-Ohio-1736, ¶ 11, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25.

**{¶21}** Here, the record is clear that the trial court, the State, Phillips, and Phillips's trial counsel came to a meeting of the minds regarding a jointly recommended sentence for Phillips. At the change of plea hearing, the State indicated as follows:

> [T]he parties have stipulated to the following sentence. The defendant would receive six years O.D.R.C. on Count One, which would be mandatory prison time; five years O.D.R.C. on Count Two, again which would be mandatory prison time; twenty-four months [in prison] on Count Four; and twenty-four months [in prison] on Count Five. All counts would run consecutive to one another for a total of fifteen years O.D.R.C. with eleven of those years being mandatory prison time and four non-mandatory.

(July 2, 2018 Tr. at 2). Phillips's trial counsel then agreed that what the State represented was what the parties negotiated. (*Id.* at 2-3). Phillips indicated that she understood what had been represented. (*Id.* at 3). Further, the trial court engaged in the following dialogue with Phillips:

[Trial Court]: It's been represented here [that] you're agreeing to a six year mandatory term on Count One and a five year mandatory term on Count Two. Is that correct?

[Phillips]: Yes, sir.

* * *

[Trial Court]: It's been represented here that you're agreeing to twenty-four months, or two years, on each of [Counts Four and Five]. Is that correct?

[Phillips]: Yes, sir.

[Trial Court]: That would be non-mandatory. But, the total, * * * that you're going to agree to [is] a total of fifteen years, eleven of which is mandatory. Is that correct?

[Phillips]: Yes, sir.

(*Id.* at 6-7).

{¶22} Moreover, Phillips's written negotiated plea of guilty states that the parties stipulate to the following sentence: "6 years mandatory prison on Count 1, 5 [years] mandatory [imprisonment] on Count 2[,] 24 [months] (non-mandatory) on Count 4 and 24 months [non-mandatory] on Count 5 – ALL CONSECUTIVE for 15 years total[.]" (Emphasis sic.) (Doc. No. 23). Furthermore, the trial court, the

State, Phillips, and Phillips's trial counsel all signed the negotiated plea of guilty. (*Id.*).

{¶23} Therefore, we find that the record clearly demonstrates that the parties had a stipulation regarding Phillips's sentence. *See State v. Herald*, 3d Dist. Defiance No. 4-16-09, 2016-Ohio-7733, ¶ 51-52. Finding that a jointly-recommended sentence existed, we next determine whether the trial court imposed the jointly-recommended sentence.

{¶24} At the sentencing hearing, the trial court sentenced Phillips to 6 years' mandatory imprisonment as to Count One, 5 years' mandatory imprisonment as to Count Two, 24 months' imprisonment as to Count Four, and 24 months' imprisonment as to Count Five. (Aug. 20, 2018 Tr. at 7). Further, the trial court ordered that the prison terms imposed for each of the sentences be served consecutively to one another for a total of 15 years' imprisonment. (*Id.*). The judgment entry of sentence reflects the sentence pronounced at the sentencing hearing. (Doc. No. 29).

{¶25} As the sentence announced at the sentencing hearing and memorialized in the judgment entry of sentence was consistent with the agreement reached between the parties, we find that the trial court imposed the jointly-recommended sentence. *See State v. Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶ 9, 11.

Case No. 1-19-43

{¶26} Finally, we consider whether Phillips's sentence is authorized by law. "'A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 26, quoting *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at paragraph two of the syllabus. Phillips entered guilty pleas to two second-degree felonies and two third-degree felonies. R.C. 2929.14(A)(2) authorizes a prison term between two and eight years for a second-degree felony. R.C. 2929.14(A)(2) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(2)(b) (Mar. 22, 2019)). R.C. 2929.14(A)(3)(b) authorizes a prison term of 9 to 36 months for a third-degree felony. R.C. 2929.14(A)(3)(b)(Oct. 17, 2017) (current version at R.C. 2929.14(A)(3)(b) (Mar. 22, 2019)). Thus, the 5 and 6-year sentences as to Counts One and Two, respectively, and the 24-month sentences as to Counts Four and Five are authorized by R.C. 2929.14(A)(3) and 2929.14(A)(2).

{¶27} As trial courts are permitted, but not required, under R.C. 2929.14(C)(4) to impose consecutive sentences, Phillips's consecutive sentences imposed under R.C. 2929.14(C)(4) are not mandatory. The Supreme Court of Ohio has held that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Sergent* at ¶ 43. "Accordingly, when a trial judge imposes such an agreed sentence without making

those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)." *Id.* "'Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.'" *Morris*, 2013-Ohio-1736, at ¶ 11, quoting *Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25. As we have found that Phillips's sentence was imposed pursuant to a joint recommendation, we need not discuss whether the trial court made consecutive-sentence findings to conclude that Phillips's consecutive sentences are authorized by law. Consequently, Phillips's sentence is authorized by law.

{¶28} Accordingly, Phillips's second assignment of error is overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**