[Cite as *State v. Axline*, 2021-Ohio-3555.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO. 16-21-02

    v.

MICHAEL PAUL AXLINE,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 20-CR-0135

**Judgment Affirmed**

Date of Decision: October 4, 2021

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Eric J. Figlewicz* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Michael Paul Axline ("Axline"), appeals the March 24, 2021 judgment of the Wyandot County Court of Common Pleas, journalizing his conviction after pleading guilty to one count of fourth-degree felony domestic violence and sentencing him to a seventeen-month prison term. On appeal, Axline argues that his guilty plea was not voluntarily, knowingly, and intelligently made, and that the trial court erred in accepting it.

*Procedural History*

{¶2} On November 18, 2020, the Wyandot County Grand Jury returned a one-count indictment alleging that Axline committed the offense of domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree. The indictment specified that the charge against Axline was elevated to a felony from a misdemeanor due to his two prior domestic violence convictions. Axline entered a plea of not guilty upon arraignment.

{¶3} On January 28, 2021, Axline withdrew his previously tendered not guilty plea and entered a plea of guilty to an amended charge of fourth-degree felony domestic violence pursuant to a written plea agreement signed by Axline. The same day the trial court held a change of plea hearing during which it conducted a Crim.R. 11 colloquy with Axline before accepting his guilty plea.

{¶4} On March 19, 2021, Axline appeared for sentencing. The trial court noted that Axline had committed the offense while on supervision for a prior domestic violence conviction involving the same victim and imposed upon him a prison term of seventeen months. The trial court journalized its sentence in its March 24, 2021 Judgment Entry.

{¶5} It is from this judgment entry that Axline now appeals asserting the following assignment of error.

> **WHEN A DEFENDANT-APPELLANT DOES NOT AFFIRMATIVELY DEMONSTRATE HIS UNDERSTANDING AS WELL AS HIS KNOWINGLY, INTELLIGENT AND VOLUNTARY RENDERING OF A PLEA OF GUILTY TO AN OFFENSE, THE COURT IS NOT PERMITTED TO ACCEPT SUCH PLEA.**

{¶6} In his sole assignment of error, Axline argues that the trial court erred in accepting his guilty plea. Specifically, Axline claims the record demonstrates he was confused during the plea colloquy with the trial court and therefore his plea was not knowingly, intelligently, or voluntarily made in compliance with Crim.R. 11.

*Relevant Authority*

{¶7} Criminal Rule 11(C)(2) outlines the procedures for trial courts to follow when accepting pleas in felony cases, and reads as follows:

> **(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**

**(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

{¶8} The underlying purpose of Crim.R. 11 is to ensure that certain information is conveyed to the defendant which would allow him to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). Before accepting a guilty plea in a felony case, a court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary, and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he is waiving by entering a guilty plea." *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5. Whether the trial court accepted a plea in compliance with

Crim.R. 11(C)(2) is subject to de novo review, based on the totality of the circumstances. *See State v. Collins*, 3d Dist. Defiance Nos. 4-14-14, 4-14-15, 4-14-16, 2015-Ohio-1886, ¶ 14.

*Discussion of the Record*

{¶9} Here, the record demonstrates that the trial court complied with Crim.R. 11(C) and explained all of Axline's constitutional and nonconstitutional rights enumerated under the rule. Notably, Axline does not contend that the trial court failed to comply with the advisement of these rights under Crim.R. 11(C). Rather, he contends that his guilty plea was not knowing, intelligent, or voluntary because of his lack of comprehension on the record during the advisement given by the trial court regarding his nonconstitutional rights. On this basis, Axline argues that the trial court erred in accepting his guilty plea.

{¶10} Specifically, Axline cites to three instances in the plea transcript which he claims demonstrates his confusion and miscomprehension regarding the plea process. The first instance occurred when the trial court attempted to explain the effect of a guilty plea on prior convictions involving ongoing supervision; the second instance occurred during the trial court's explanation of post-release control; and in the third instance Axline points to a dialogue with the trial court which he claims demonstrates his overall confusion regarding the plea procedure, in particular his admission of guilt.

*Analysis*

**{¶11}** At the outset, we disagree with Axline's contention that these portions of the transcript demonstrate his confusion about numerous facets of the plea process. To the contrary, these portions of the record establish that the trial court took the necessary steps to ensure that Axline fully understood the advisements given during the plea colloquy and to resolve any confusion on Axline's part prior to accepting his guilty plea. Axline's statements at the plea hearing also demonstrated his understanding of the process after the trial court's clarification. *See State v. Cunningham*, 6th Dist. Lucas No. L-11-1050, 2012-Ohio-1870, ¶ 26 (finding the trial court did not err in accepting the plea after appellant expressed confusion regarding post-release control, the trial court repeated the explanation of post-release control and the consequences of violating it in a different manner until appellant indicated his understanding). Moreover, Axline signed a written guilty plea affirming his understanding of his rights under Crim.R. 11.

**{¶12}** In addition, we do not find Axline's alleged inability to clearly remember his conduct during the commission of the offense, apparently due to his own impairment, to negate the knowing, intelligent, and voluntary nature of his guilty plea. Rather, our review of the record reveals that Axline understood the nature of the charges against him, and knowingly entered his plea. Furthermore, where a defendant enters a guilty plea without asserting innocence, it is presumed

that the defendant understands that he has admitted guilt. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19. Consequently, the totality of the circumstances amply demonstrates that Axline subjectively understood the nature of the charge to which he pled guilty. Therefore, we conclude the record establishes that Axline's guilty plea was knowing, intelligent, and voluntary, and that the trial court did not err when it accepted the plea.

{¶13} Accordingly, the assignment of error is overruled.

{¶14} For all these reasons, the assignment of error is overruled and the judgment of conviction and sentence of the Wyandot County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**