[Cite as *State v. Castro*, 2021-Ohio-4476.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  15-21-06

    v.

MIGUEL D. CASTRO,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-20-09-123

**Judgment Affirmed**

Date of Decision:    December 20, 2021

APPEARANCES:

    *Esteban R. Callejas* **for Appellant**

    *Kelly J. Rauch* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Miguel D. Castro ("Castro"), appeals from a judgment of the Court of Common Pleas of Van Wert County sentencing him to sixty months in prison after he pled no contest to one count of sexual battery.

{¶2} The facts relevant to this appeal are as follows. On September 3, 2020, Castro was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(c) and (B), a felony of the first degree, and one count of sexual battery in violation of R.C. 2907.03(A)(3) and (B), a felony of the third degree. At his arraignment, Castro was provided with a Spanish-speaking interpreter certified by the Ohio Supreme Court and was represented by a public defender attorney. Castro entered a plea of not guilty.

{¶3} At a pretrial/change of plea hearing held on December 22, 2020, Castro was represented by court-appointed counsel, a Spanish-speaking attorney, and the same interpreter was used for the hearing. The State presented a plea agreement in which Castro would plead guilty to the rape count, in exchange for a stipulated prison sentence of five years and the dismissal of the other count. When the trial court was inquiring of Castro with respect to the nature of the plea agreement, the court noted there was a stipulation of five years in prison, but the court indicated it was going to interpret it as five years minimum with an additional two-and-a-half-

year indefinite sentence. The trial court then asked Castro if he understood the nature of the charge to which he was pleading and he replied:

> **I have a certain doubt. I hope that you will please understand me, as far as I understood, if I were to declare myself guilty, the maximum sentence was going to be five (5) years. Is that correct?**

(Tr. at p. 16). The trial court explained that because Ohio has an indefinite sentence for a first degree felony, the court could not just give a sentence of five years. The trial court then took a recess to allow Castro to talk to his attorney and upon returning on the record, Castro's attorney noted that his client's concern was that he understood the plea agreement to mean a five-year prison term, but that the parties had not really discussed the additional two and a half years. The trial court then continued the hearing for a later pretrial conference.

{¶4} The trial court held a second pretrial/change of plea hearing on January 7, 2021, participated in by Castro and his same counsel and interpreter. At this hearing, the plea agreement reached between the parties provided as follows: Castro would plead guilty to sexual battery, which is a third degree felony punishable by up to sixty months in prison, and included a stipulated sentence of sixty months in prison.

{¶5} As part of his guilty-plea colloquy, the trial court asked Castro if he understood that a guilty plea was a complete admission of guilt of the crime of sexual battery, and Castro answered, "No." (Tr. at p. 27-28). At that point, the trial

court recessed to allow Castro the opportunity to speak to his attorney. Back on the record, Castro's attorney explained that "[a] conflict has been ensuing that we've been dealing with, but apparently this client no longer wants me representing him. He wants to have other counsel representing him." (Tr. at p. 29). The trial court asked Castro's attorney if the request was "in the nature of communication has broken down to the point that representation is no longer beneficial?" *Id.* His attorney indicated he did believe so. When the trial court asked Castro if he wished to have a different attorney to explain these matters to him, Castro indicated that he did. The trial court then suspended the hearing to appoint Castro a new attorney.

{¶6} On March 4, 2021, the trial court held a hearing and Castro's new attorney requested a trial date. The case was scheduled for a jury trial on June 28, 2021. However, on June 18, 2021, a change of plea and sentencing hearing was held. The same attorney who represented Castro at the March hearing represented him at the hearing and the same interpreter was used as in all the proceedings. At the beginning of this hearing, the trial court recited the terms of a plea agreement, under which Castro would plead no contest to sexual battery in exchange for a stipulated sentence. The trial court proceeded to advise Castro, through his interpreter, about the rights he was giving up by pleading no contest. The State then provided the facts supporting the no contest plea. Castro was also advised that deportation, exclusion of admission to the United States, or denial of naturalization

were potential consequences of his plea. The trial court concluded that Castro was "freely, voluntarily, and understandingly" making his plea and then found him guilty of the offense. (Tr. at p. 49).

{¶7} As noted by the State before sentencing, the parties had stipulated to a five-year prison term. The trial court proceeded to sentencing and ordered Castro to serve a prison term of sixty (60) months, with 284 days of jail credit for time served before sentencing. Castro was also classified a Tier III sex offender.

{¶8} Castro now appeals, raising two assignments of error for our review.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED WHEN IT ACCEPTED THE APPELLANT'S GUILTY PLEA [SIC] AS THAT PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN SENTENCING APPELLANT AS THE RECORD DOES NOT SUPPORT THE SENTENCE.**

*First Assignment of Error*

{¶9} In his assignment of error, Castro argues that the trial court erred in accepting his plea. Specifically, Castro claims the totality of the circumstances, including his lack of ability to understand the English language and American culture, illustrates his confusion across multiple hearings and multiple attorneys,

and therefore, his no contest plea was not knowingly, intelligently, and voluntarily made in compliance with Crim.R. 11(C).

*Relevant Authority*

{¶10} Criminal Rule 11(C)(2) outlines the procedures for trial courts to follow when accepting pleas in felony cases, and reads as follows:

> **(2)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:**
>
> **(a)  Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**
>
> **(b)  Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> **(c)  Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

{¶11} The underlying purpose of Crim.R. 11 is to ensure that certain information is conveyed to the defendant which would allow him to make a voluntary and intelligent decision regarding whether to enter a plea. *State v. Axline*,

3d Dist. Wyandot No. 16-21-02, 2021-Ohio-3555, ¶ 8, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). In determining whether a plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record. *See id.*

*Discussion of the Record*

{¶12} In this case, Castro does not contend that the trial court failed to comply with the advisements under Crim.R. 11(C). Rather, he contends that his no contest plea was not knowing, intelligent, or voluntary because of his confusion on the record during the advisements given by the trial court. On this basis, Castro argues that the trial court erred in accepting his no contest plea.

{¶13} Specifically, Castro cites to three instances in the trial court proceedings which he claims demonstrate his confusion regarding aspects of the plea proceedings. The first instance occurred when the confusion arose from the indefinite sentence statute; the second instance occurred from the fact that a guilty plea is an admission of guilt; and his continuous inability to communicate with multiple attorneys represented the third instance.

*Analysis*

{¶14} At the outset, the record shows that Castro, who does not speak English, was provided with an Ohio Supreme Court certified interpreter and court-appointed counsel at all stages of the court proceedings. The record further shows

that the trial court took the necessary measures to ensure that Castro fully understood the nature and ramifications of his plea and to resolve any confusion on Castro's part prior to accepting his no contest plea. *See Axline* at ¶ 11 (finding the trial court did not err in accepting the plea where the record established that "the trial court took the necessary steps to ensure that Axline fully understood the advisements given during the plea colloquy and to resolve any confusion on Axline's part prior to accepting his guilty plea"). The trial court recessed and gave Castro an opportunity to speak to his appointed counsel each time he demonstrated any confusion about the plea he was entering. New counsel was appointed thereafter. Moreover, at the change of plea and sentencing hearing, Castro showed no confusion because he understood a plea of no contest to mean he was not admitting guilt but rather the truth of the facts alleged in the indictment. The trial court inquired of Castro, through Castro's interpreter, as to the nature and voluntariness of his no contest plea. Castro stated that he understood his rights as explained by the trial court.

{¶15} Consequently, the totality of the circumstances amply demonstrates that Castro's no contest plea was knowingly, voluntarily and intelligently made, and the trial court did not err when it accepted the plea. Accordingly, Castro's first assignment of error is overruled.

*Second Assignment of Error*

**{¶16}** In Castro's second assignment of error, he argues that the trial court abused its discretion in sentencing him because the record does not support the sentence. More specifically, Castro contends the record demonstrates that the trial court refused or failed to consider statutory sentencing factors.

*Relevant Authority*

**{¶17}** As a result of the Ohio Supreme Court's holding in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, "an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's 'findings' under R.C. 2929.11 and R.C. 2929.12." *State v. Denoyer*, 3d Dist. Allen No. 1-20-34, 2021-Ohio-886, ¶ 28, citing *Jones* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."). Moreover, under R.C. 2953.08(D)(1), a sentence imposed upon a defendant is not subject to review "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." " 'In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the

parties agreed that the sentence is appropriate." ' " *State v. Phillips*, 3d Dist. Allen No. 1-19-43, 2020-Ohio-2785, ¶ 20, quoting *State v. Morris*, 3d Dist. Hardin No. 6-12-17, 2013-Ohio-1736, ¶ 11, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25.

{¶18} Here, at the change of plea and sentencing hearing, the plea agreement reached between the parties contained a stipulated sentence of five years in prison. The trial court affirmed Castro's understanding of the same. Further, the trial court asked Castro whether he had discussed the matter of plea and the present charge fully and completely with his attorney. Castro replied, "Yes." (Tr. at p. 43). Therefore, we find that the record clearly demonstrates that the parties had a stipulation regarding Castro's sentence. *See Phillips* at ¶ 21-23. As we find that the trial court imposed the parties' stipulated sentence, we need not discuss whether the record supports the sentence under R.C. 2929.11 and 2929.12 to conclude that Castro's sentence is authorized by law. *See Jones.*

{¶19} For the foregoing reasons, Castro's second assignment of error is overruled.

{¶20} Having found no error prejudicial in the particulars assigned and argued, the judgment of the trial court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**