[Cite as *State v. Bates*, 2022-Ohio-4688.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                 CASE NO. 6-22-10

     v.

CLINTON WADE BATES,                   O P I N I O N

     DEFENDANT-APPELLANT.

---

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 2020205

Judgment Affirmed

Date of Decision: December 27, 2022

---

APPEARANCES:

    *Emily P. Beckley* for Appellant

    *McKenzie J. Klingler* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Clinton Wade Bates ("Bates"), appeals the July 6, 2022 judgment of the Hardin County Court of Common Pleas revoking his community control and imposing a reserved-prison term. For the reasons that follow, we affirm.

{¶2} On January 16, 2020, the Hardin County Grand Jury indicted Bates on six counts: Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; Count Two of possessing drug abuse instruments in violation of R.C. 2925.12(A), a second-degree misdemeanor; and Counts Three, Four, Five, and Six of use or possession of drug paraphernalia in violation of R.C. 2925.141(C)(1), (F)(1), fourth-degree misdemeanors. Bates appeared for arraignment on January 29, 2020 and entered pleas of not guilty.

{¶3} On March 19, 2020, Bates withdrew his pleas of not guilty and entered a plea of guilty, under a negotiated-plea agreement, to Count One. In exchange for his change of plea, the State agreed to dismiss Counts Two, Three, Four, Five, and Six, and agreed to a joint-sentencing recommendation. Thereafter, the trial court accepted Bates's guilty plea, found him guilty, and ordered a presentence investigation.

{¶4} On December 23, 2020, the trial court sentenced Bates (based on the joint-sentencing recommendation of the parties) to five years of community control

with a reserved 12-month prison term. Bates did not directly appeal his conviction or sentence.

{¶5} On June 8, 2021, the State filed a motion requesting that the trial court revoke Bates's community control. On July 5, 2022, Bates waived his right to a probable-cause hearing on the State's motion. As a result, the case proceeded to the final-revocation hearing during which the trial court concluded that Bates violated the terms and conditions of his community control after he "admitted that he violated the terms of his supervision as alleged in the motion." (Doc. No. 47). That same day, the trial court revoked Bates's community control, and imposed the reserved 12-month prison term.

{¶6} Bates filed his notice of appeal on July 15, 2022, and raises one assignment of error for our review.

**Assignment of Error**

**Appellant's Sentence Was Not Supported By Sufficient Evidence.**

{¶7} In his sole assignment of error, Bates challenges the prison sentence imposed by the trial court. Specifically, Bates argues that the trial court "did not properly consider the applicable statues in felony sentencing and that the maximum sentence was not necessary under the felony sentencing statutes." (Appellant's Brief at 8).

*Standard of Review*

**{¶8}** R.C. 2953.08 provides specific grounds for a defendant to appeal a felony sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶9}** However, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all sentencing provisions." *Underwood* at ¶ 20. "[W]hen a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

*Analysis*

**{¶10}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

**{¶11}** In this case, as a fifth-degree felony, aggravated possession of drugs carries a non-mandatory, definite sanction of six-months to twelve-months imprisonment. R.C. 2925.11(A), (C)(1)(a), 2929.14(A)(5). "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15. Because the trial court sentenced

Bates to a 12 months in prison as to his aggravated-possession-of-drugs conviction, the trial court's sentence falls within the statutory range.

**{¶12}** R.C. 2929.11 provides, in in pertinent part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith*, 2015-Ohio-4225, at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

**{¶13}** "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State*

*v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

**{¶14}** "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20. *See also Maggette*, 2016-Ohio-5554, at ¶ 32; *Jones* at ¶ 47 (Fischer, J., concurring). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

**{¶15}** In this case, Bates's sentence was jointly recommended by the parties and imposed by the trial court. Because Bates's sentence was jointly recommended by the parties and imposed by the trial court, this court may review only whether the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 28, 32; *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 43. *See also State v. Castro*, 3d Dist. Van Wert No. 15-21-06, 2021-Ohio-4476, ¶ 17-18; *Jones* at ¶ 47-49 (Fischer, J., concurring). Based on our review of the record, Bates's sentence is authorized by law. Specifically, the trial court considered the purposes and principles of felony sentencing under R.C.

2929.11 and 2929.12 in Bates's December 23, 2020 sentencing entry.[1] (Doc. No. 32). Consequently, Bates's sentence is not subject to review under R.C. 2953.08(D)(1). *State v. Likens*, 12th Dist. Madison No. CA2020-10-018, 2021-Ohio-2380, ¶ 10.

**{¶16}** Therefore, Bates's assignment of error is overruled.

**{¶17}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[1] Bates did not provide this court with a transcript of the December 23, 2020 sentencing hearing. In the absence of a transcript or suitable alterative, we must presume regularity of the proceedings in the trial court. *Accord State v. Erickson*, 2d Dist. Montgomery No. 25843, 2014-Ohio-1536, ¶ 2. *See* App.R. 9.