[Cite as *State v. Howard*, 2017-Ohio-7554.]

howardCOURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017 CA 0035 |
| TROY DARNELL HOWARD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Criminal Appeal from the Court of Common Pleas, Case Nos.  11 CR 0589 and 12 CR 0007


JUDGMENT:  Dismissed


DATE OF JUDGMENT ENTRY:  September 8, 2017


APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
PROSECUTING ATTORNEY
JOSEPH C. SNYDER
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

For Defendant-Appellant

TROY D. HOWARD
PRO SE
Richland Corr. Institution
1001 South Olivesburg Road
Mansfield, Ohio  44901-8107

*Wise, John, J.*

{¶1} Appellant Troy D. Howard appeals from the decision of the Court of Common Pleas, Richland County, which denied his request for judicial release. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2} On September 9, 2011, in case number 11-CR-589, appellant was indicted by the Richland County Grand Jury on one count of burglary. On January 10, 2012, appellant pled guilty to the charge. Pursuant to a joint recommendation, appellant was thereafter sentenced to three years in prison.

{¶3} On January 6, 2012, in case number 12-CR-7, appellant was indicted by the Richland County Grand Jury on one count of aggravated burglary, one count of burglary, and three counts of breaking and entering. On January 10, 2012, appellant pled guilty to the charge of aggravated burglary and the three counts of breaking and entering. The count of burglary was dismissed. Pursuant to a joint recommendation, appellant was thereafter sentenced to five years in prison, to be served consecutively to his sentence under the aforementioned case number 11-CR-589.

{¶4} On January 27, 2017, appellant filed a pro se motion for judicial release under both of the above case numbers. The State filed a memorandum in opposition on February 22, 2017, noting *inter alia* that appellant's sentence resulted from plea negotiations. Appellant filed a reply motion on March 6, 2017.

{¶5} The trial court denied appellant's motion on March 23, 2017.

{¶6} On April 20, 2017, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶7} "I. THE TRIAL COURT COMMITTED ERROR AND ABUSED IT'S [SIC] DISCRETION WHEN IT FAILED TO CONSIDER THE APPELLANT'S/DEFENDANT'S JUDICIAL RELEASE MOTION WHEREAS THE PLEA AGREEMENT IN THIS CASE DID NOT BAR APPELLANT/DEFENDANT HOWARD FROM FILING FOR JUDICIAL RELEASE WHEREAS THE PLEA AGREEMENT IS SILENT ON THE ISSUE.

{¶8} "II. THE TRIAL COURT COMMITTED ERROR AND ABUSED IT'S [SIC] DISCRETION BY NOT HEARING THE JUDICIAL RELEASE MOTION ON THE MERITS WHEREAS THE DEFENDANT/APPELLANT HOWARD REASONABLY BELIEVED WHEN PLEADING GUILTY THAT HE COULD FILE FOR JUDICIAL RELEASE."

I., II.

{¶9} In his First and Second Assignments of Error, appellant contends the trial court erred in denying his motion for judicial release.

{¶10} R.C. 2929.20(B) states that "[o]n the motion of an eligible offender or upon its own motion, the sentencing court may reduce the eligible offender's aggregated nonmandatory prison term or terms through a judicial release under this section."

{¶11} Nonetheless, it is well-established that the denial of a motion for judicial release is not a final appealable order. *See, e.g., State v. Bennett,* 5th Dist. Muskingum No. CT2005–0009, 2006–Ohio–2812, ¶ 15, citing *State v. Masko,* 7th Dist. Trumbull No. 2004–T0070, 2004–Ohio–5297, ¶ 2. *See, also, State v. Rowbotham,* 7th Dist. Mahoning No. 12 MA 152, 2013–Ohio–2286, ¶ 1. As the Tenth District Court of Appeals has aptly recognized, on questions of judicial release, R.C. 2929.20 "confers substantial discretion to the trial court, but makes no provision for appellate review." *State v. Lawson*, 10th Dist. Franklin No. 02AP-148, 2002-Ohio-3329, ¶ 23. Furthermore, we have rejected the

proposition that the changes brought about by H.B. 86 in 2011 have vitiated this non-appealability rule. *See State v. Christner*, 5th Dist. Stark No. 2012 CA 00135, 2012-Ohio-4790, ¶ 11.

{¶12} Accordingly, we hold we lack jurisdiction to address the issues presented in appellant's First and Second Assignments of Error.[1]

{¶13} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby dismissed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/0810

---

[1] In the interest of justice, in regard to appellant's suggestion that he was deprived of a hearing on his motion, we note R.C. 2929.20(D) states in pertinent part that "[u]pon receipt of a timely motion for judicial release filed by an eligible offender under division (C) of this section *** the court may deny the motion without a hearing or schedule a hearing on the motion. ***."