[Cite as *State v. Holbrook*, 2020-Ohio-4100.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

TERRY PAUL HOLBROOK,

    DEFENDANT-APPELLANT.

CASE NO. 6-19-14

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

TERRY PAUL HOLBROOK,

    DEFENDANT-APPELLANT.

CASE NO. 6-19-15

O P I N I O N

Appeals from Hardin County Common Pleas Court
Trial Court Nos. CRI 20192093 and CRI 20192123

Judgments Affirmed

Date of Decision: August 17, 2020

APPEARANCES:

    *Michael B. Kelley* for Appellant

    *Jason M. Miller* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Terry P. Holbrook ("Holbrook") brings this appeal from the judgments of the Hardin County Common Pleas Court revoking his post release control ("PRC") and imposing his remaining prison time in addition to the sentences for two new felonies. For the reasons set forth below, the judgments are affirmed.

{¶2} On June 13, 2019, the Hardin County Grand Jury indicted Holbrook on one count of possession of heroin in violation of R.C. 2925.11(A),(C)(6)(a), a felony of the fifth degree. ADoc. 1[1] On August 16, 2019, the Hardin County Grand Jury indicted Holbrook on one count of possession of cocaine in violation of R.C. 2925.11(A),(C)(4)(a), a felony of the fifth degree; one count of possession of drugs in violation of R.C. 2925.11(A),(C)(2)(a), a felony of the fifth degree; and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. BDoc. 1. At the time of these offenses, Holbrook was on PRC. Tr. 2-3. A change of plea and sentencing hearing was held on October 23, 2019. Tr. Pursuant to a plea agreement, Holbrook agreed to enter guilty pleas to the possession of heroin and possession of cocaine and admitted that he was on PRC at the time of the offenses. ADoc. 14 and BDoc. 11. The change of plea form noted that "[i]f you are on [PRC], your existing [PRC] can be

---

[1] The docket in case number 6-19-14 will be identified as ADoc. and the docket in case number 6-19-15 will be identified as BDoc.

terminated and a consecutive sentence be imposed for the [PRC] violation." *Id*. At the hearing, the State indicated that Holbrook would plead guilty to two fifth degree felonies and the remainder of the charges would be dismissed. Tr. 2. The State also indicated that there was a joint sentencing recommendation for sentences of ten months on each count to be run consecutively. Tr. 2. When the trial court asked if the State had a position regarding the PRC, the State indicated it was remaining silent. Tr. 3. Counsel for Holbrook agreed that they were entering pleas of guilty to the two counts and that Holbrook consented to the sentencing recommendation. Tr. 3. Before accepting the pleas of guilty, the trial court had the following dialogue with Holbrook.

> **Judge: So my next question is, and I know the answer to this – are you currently on post-release control supervision?**
>
> **Defendant: Yes sir.**
>
> **Judge: Alright. So it is very important – do you believe that she was able to explain to you how post-release control supervision violations, how they're handled in the context of new felony convictions?**
>
> **Defendant: Yes sir.**
>
> **Judge: So I'm going to go into that with you right now. You understand, being on post-release control supervision, that not only does the APA have authority to give you a sanction, or both, for either of these charges, but I am the judge in a new felony case – actually two new felony cases – will have the authority to give you sanction myself whereby I would terminate your post-release control supervision and then give you a prison sanction that I could actually begin with a minimum of a year, but I more importantly could go all the way up to the amount of time remaining, which I believe is over seven hundred days of**

**supervision time still remaining. Do you understand that's possible?**

**Defendant: Yes sir.**

**Judge: And you understand if whatever prison sanction, should I give you one, whatever one I would give you has to be served first before you begin the underlying sentence on the new cases. Do you understand all that?**

**Defendant: Yes sir.**

**Judge: Alright. Do you have any questions about any of that, because that's a serious matter. I mean I just want to make sure you understand the Supreme Court has just this year ruled judges have to make sure if a person is on PRC, that the person understands the ramification. I've always wanted to do that, I've always tried to do it.**

**Defendant: Yes.**

**Judge: But I'm even a little more aggressive about it now. Any questions?**

**Defendant: No sir, I went over it in detail with my attorney.**

**Judge: Alright. Attorney Kocher, do you have any reason that he had any confusion about the potential of the maximum amount of time that could be imposed?**

**Kocher: No, we have gone over it thoroughly.**

Tr. 22-24. Holbrook then signed the change of plea agreement and entered pleas of guilty. Tr. 30-31. The trial court then imposed the jointly recommended sentences as to the two new felony charges. Tr. 44-45. The trial court then moved on to sentence Holbrook on the PRC violation.

**As I said when we started this Mr. Holbrook, it's one of the worst records I've seen in the period of a year and a half on post-release control supervision. I mean I honestly cannot remember one that**

-4-

> **has been that bad where the person had four or five whereabouts unknown * * * [.]**
>
> **\* \* \***
>
> **I really have no – I have to consider the PRC sanction. You have not shown yourself to be able to live in the community. You said you even had a good job, which just even puzzles me more – that you had the benefit some people don't have, and yet you continued with this horribly irresponsible conduct. So the Court is going to terminate your post-release control supervision period, and the Court is going to give you the sanction of the remaining period of time as a prison sanction prior to and consecutive to the underlying twenty month aggregated sentence out of this case.**

Tr. 45-48.

{**¶3**} Holbrook filed notices of appeal in these cases. ADoc. 21 and BDoc. 19. On appeal, Holbrook raises the following assignment of error.

> **The trial court erred by abusing its discretion when it imposed, as a prison term, the remaining 702 days on PRC for a violation of PRC based upon a conviction for a new felony charge, which was not part of the jointly recommended sentence, and was plain error.**

{**¶4**} The sole assignment of error alleges that the trial court erred in imposing the remaining time on PRC as part of the aggregate prison term. The sentence to be imposed for violations of PRC is set forth in R.C. 2929.141.

> **(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:**
>
> **(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum**

> **prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.**

R.C. 2929.141. Thus, the trial court had the authority to impose the remaining time on PRC as a prison term for the violation of the PRC. Here, the trial court determined there was 702 days of supervision left and imposed that time as a sentence to be served prior to the sentences in the new felonies. This complies with the statute.

{¶5} Holbrook argues that the trial court erred in imposing the remaining time for the PRC violation because the record did not support the severity of the sentence and that the sentence was plain error. If a sentence is within the statutory limits, the severity of the sentence is not a basis for seeking relief on direct appeal. *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). A review of the record shows that the trial court considered Holbrook's record. The trial court specifically noted that Holbrook's record on PRC was the worst one he had ever seen. He noted that since October of 2018, Holbrook had been missing from supervision five times, had multiple misdemeanor convictions, and had a long criminal history. Tr. 36-38. The trial court noted that the first underlying felony

occurred in February of 2019 and Holbrook took no action to go into treatment and instead committed a second offense in April of 2019. Tr. 44.

{¶6} Holbrook also appears to be arguing that the trial court did not correctly apply the sentencing factors in deciding to re-impose the remaining prison term for violation of PRC. This court notes that the trial court in this case did not impose the original sentence that caused Holbrook to be on PRC. The sentencing factors were presumably reviewed at the time the sentence was imposed.[2] The trial court in this case was merely re-imposing the remainder of the sentence previously ordered. Given the record before us, this Court does not find that there was any abuse of discretion or plain error in imposing the sentence it did. The assignment of error is overruled.

{¶7} Having found no prejudicial error in the particulars assigned and argued, the judgments of the Hardin County Common Pleas Court are affirmed.

*Judgments Affirmed*

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**

---

[2] The record for the original case is not before this Court, thus we have no ability to review it. However, we can presume the regularity of the prior proceedings.