[Cite as *State v. Mills*, 2022-Ohio-2821.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

PAUL J. MILLS,

    DEFENDANT-APPELLANT.

CASE NO. 2-22-09

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

PAUL J. MILLS,

    DEFENDANT-APPELLANT.

CASE NO. 2-22-10

O P I N I O N

Appeals from Auglaize County Common Pleas Court
Trial Court Nos. 2021-CR-123 and 2021-CR-146

**Judgments Reversed**

**Date of Decision: August 15, 2022**

APPEARANCES:

    *Rob C. Wiesenmayer, II* for Appellant

    *Joshua A. Muhlenkamp* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Paul J. Mills ("Mills") appeals the judgments of the Auglaize County Court of Common Pleas, alleging that the trial court did not properly apply his jail-time credit at sentencing. For the reasons set forth below, the judgments of the trial court are reversed.

*Facts and Procedural History*

{¶2} On December 18, 2020, Mills was placed on post-release control supervision. Doc. 21A.[1] On August 13, 2021, Mills was indicted on one count of escape in violation of R.C. 2921.34(A)(3), a felony of the fifth degree. Doc. 1A. The State alleged that Mills absconded supervision on May 14, 2021. Doc. 21A. This charge became the basis of Case No. 2021-CR-0146. Doc. 1A.

{¶3} On July 22, 2021, Mills was indicted on one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of possession of drugs in violation of 2925.11(A)(1)(a), a felony of the fifth degree. Doc. 1B. The State alleged these offenses occurred on July 14, 2021. Doc. 18B. These charges formed the basis of Case No. 2021-CR-0123. Doc. 1B.

{¶4} At a hearing on February 21, 2022, Mills pled guilty to the charge of escape in Case No. 2021-CR-0146 and to the charges of tampering with evidence

---

[1] This appeal comes from two cases. The docket numbers for Case No. 2021-CR-0146 will be followed by the letter "A." The docket numbers for Case No. 2021-CR-0123 will be followed by the letter "B."

and possession of drugs in Case No. 2022-CR-0123.[2]  Doc. 43A, 42B.  After accepting these guilty pleas, the trial court proceeded to sentencing Mills.  Tr. 27-29.  The trial court ordered the prison terms for the three felony charges to be served consecutively to each other, imposing a total prison term of fifty-nine months for these offenses.  Tr. 54.

{¶5} At sentencing, the trial court also terminated Mills's post-release control and decided that a prison term was an appropriate sanction for his post-release control violation.  Tr. 53.  The trial court indicated that Mills had 916 days remaining on his post-release control at the time that he was confined.  Tr. 19-20.  The trial court then subtracted the 207 days of jail-time credit that Mills had accrued from this 916-day figure, arriving at 709 days.  Tr. 19.  The trial court imposed a 709-day prison term for Mills's post-release control violation and ran this sentence consecutively to his felony sentences.  Tr. 53.  The trial court only applied the jail-time credit to Mills's prison term for the post-release control violation and did not apply any jail-time credit to his felony sentences.  Tr. 19-21, 53.  The trial court issued its judgment entries of sentencing on February 23, 2022.  Doc. 44A, 43B.

*Assignment of Error*

{¶6} Mills filed his notices of appeal on March 18, 2022.  Doc. 58A, 58B.  On appeal, he raises the following assignment of error:

---

[2] Mills signed the two plea agreements on February 19, 2022.  Doc. 43A, 42B.  He appeared before the trial court on February 21, 2022.  Tr. 3.  The plea agreements were filed on February 23, 2022.  Doc. 43A, 42B.

> **The trial court failed to properly apply the Defendant-Appellant's jail time credit as required by law.**

Mills also argues that the trial court incorrectly concluded that he had 207 days of jail-time credit when he had accrued 216 days of jail-time credit.

*Legal Standard*

**{¶7}** "R.C. 2929.141 governs sentencing for a felony offense committed while on post-release control * * *." *State v. Murray*, 4th Dist. Highland No. 16CA24, 2017-Ohio-1293, ¶ 10. R.C. 2929.141(A) reads, in its relevant part, as follows:

> **(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may * * *:**
>
> **(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months *or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony*. * * * A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.**

(Emphasis added.) R.C. 2929.141(A).

> **Accordingly, by the statute's plain language, the relevant time for determining the amount of time remaining on an offender's post-release control is at sentencing when post-release control is terminated by the court.**

*State v. Evilsizor*, 2d Dist. Champaign Nos. 2017-CA-1 and 2017-CA-10, 2018-Ohio-3599, ¶ 20.

{¶8} Next, "R.C. 2967.191 governs jail-time credit for prison terms * * *." *State v. Fuller*, 3d Dist. Henry No. 7-13-06, 2013-Ohio-5661, ¶ 19. R.C. 2967.191 reads, in its relevant part, as follows:

> **The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *.**

R.C. 2967.191(A). "While the wording of this provision is directed at the Ohio Department of Rehabilitation and Correction, the trial court is to determine 'the number of days of confinement that a defendant is entitled to have credited toward his sentence.'" *State v. Cunningham*, 3d Dist. Marion No. 9-20-45, 2021-Ohio-1861, ¶ 6, quoting *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

*Legal Analysis*

{¶9} In this case, Mills committed the felony offenses alleged in Case No. 2021-CR-0123 and Case No. 2021-CR-0146 while he was subject to post-release control. Tr. 53. At sentencing, the trial court decided to impose a prison term for this post-release control violation. Tr. 53. But the trial court could not impose a prison term that exceeded the limitations set forth in R.C. 2929.141(A)(1), which reads, in its relevant part, as follows:

> **The maximum prison term for the violation shall be the greater of twelve months** *or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony.*

(Emphasis added.) R.C. 2929.141(A)(1). *See State v. Krouskoupf*, 5th Dist. Muskingum No. CT2019-0066, 2020-Ohio-1220, ¶ 14.

{¶10} In determining the maximum sentence, the trial court had to calculate the amount of time that Mills had remaining on post-release control. In this case, Mills's post-release control was terminated by the trial court at his sentencing in February of 2022. Tr. 53. The record does not contain any indication that Mills's post-release control was administratively revoked at an earlier time. *See Evilsizor, supra*, at ¶ 21. Thus, Mills continued to serve time on post-release control until his sentencing in February of 2022. *See State v. Harris*, 1st Dist. Hamilton No. C-130442, 2014-Ohio-4237, ¶ 40. For this reason, in calculating the amount of time remaining on Mills's post-release control, the trial court could not include the time he had spent in jail before his post-release control was terminated at his sentencing in February of 2022.

{¶11} At sentencing, the parties agreed that Mills had 709 days remaining on post-release control, and the trial court did impose a prison terms of 709 days for the post-release control violation. Tr. 17, 53. However, the trial court reached the total of 709 days by subtracting 207 of the jail-time credit days that Mills had accrued from the 916 days that he had remaining on his post-release control at the

time of his initial confinement. Tr. 19-21. In so acting, the trial court did not treat the time that Mills spent in jail as time that Mills had spent on post-release control. Rather, the trial court acted as though Mills's post-release control was terminated at the time he was initially confined in jail. *See State v. Wells*, 5th Dist. Licking No. 14-CA-36, 2015-Ohio-39, ¶ 8.

{¶12} In other words, the trial court should have reached a total of 709 days for Mills's maximum sentence for the post-release control violation without applying any jail-time credit. The 709 days was the amount of time remaining on post-release control when the matter came on for sentencing and the court terminated the post-release control. The trial court's initial figure for the number of days remaining on Mills's post-release control (916 days) was inflated by the number of days that Mills had spent in jail. Tr. 19-20. Thus, by applying Mills's jail-time credit to a prison term that was inflated by the amount of time that he had been confined in jail, the trial court effectively denied Mills the benefit of receiving any of the jail-time credit towards the sentence for the new felony convictions.

{¶13} In conclusion, as the State concedes in its brief, the trial court did not correctly apply the jail-time credit that Mills had accrued when it sentenced Mills in this case. Appellee's Brief, 2. Further, we also note that, in their briefs, the parties also agree that Mills had accrued 216 days of jail-time credit rather than 207 days of jail-time credit. Appellant's Brief, 4; Appellee's Brief, 2. Accordingly, we reverse the sentence imposed by the trial court and remand these cases for the trial

court to (1) properly calculate the amount of time that Mills has remaining on his post-release control; (2) recalculate the amount of jail-time credit that Mills has accrued; and (3) apply the correct amount of jail-time credit in accordance with R.C. 2967.191(A). Mills's sole assignment of error is sustained.

*Conclusion*

{¶14} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Auglaize County Court of Common Pleas are reversed. These causes of action are remanded to the trial court for further proceedings consistent with this opinion.

***Judgments Reversed***
***And Causes Remanded***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**