[Cite as *State v. Newman*, 2022-Ohio-3607.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 6-22-04

    v.

CHASE OWEN NEWMAN,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20212168

Judgment Affirmed

Date of Decision: October 11, 2022

APPEARANCES:

    *Emily P. Beckley* for Appellant

    *McKenzie J. Klingler* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Chase O. Newman, appeals the March 11, 2022 judgment of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On November 3, 2021, law enforcement officers attempted to initiate a traffic stop after observing Newman make a left-hand turn without using a turn signal. Rather than complying, Newman, who was driving with a suspended license, increased his speed in an attempt to elude law enforcement officers. During the ensuing chase, which spanned three minutes and approximately one and one-half miles, law enforcement officers observed Newman commit at least 16 moving violations. After the vehicle's passenger exited the moving vehicle, the vehicle struck a private residence and a brick ticket booth, which was the property of Kenton City Schools. When law enforcement officers made contact with Newman, he admitted he fled because there were outstanding warrants for his arrest and because he had stolen the motor vehicle.

{¶3} On November 10, 2021, the Hardin County Grand Jury indicted Newman on five counts: Count One of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(i), a third-degree felony; Count Two of vandalism in violation of R.C. 2909.05(B)(2), (E), a fourth-degree felony; Count Three of criminal damaging or endangering in violation of R.C.

2909.06(A)(1), (B), a second-degree misdemeanor; Count Four of driving under financial responsibility law suspension or cancellation in violation of R.C. 4510.16(A), (D)(1), an unclassified misdemeanor; and Count Five of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(2), (B)(5), a fourth-degree felony. Newman appeared for arraignment on November 18, 2021 and entered a not guilty plea to the counts in the indictment.

{¶4} On February 8, 2022, Newman withdrew his pleas of not guilty and pursuant to a negotiated-plea agreement, entered pleas of guilty to Counts One, Two, and Three of the indictment. In exchange, the State recommended the trial court dismiss Counts Four and Five and agreed to a jointly-recommended prison sentence. The trial court accepted Newman's pleas and found him guilty. The following day, the trial court filed its judgment entry of conviction.

{¶5} On March 10, 2022, pursuant to the joint-recommendation of the parties, the trial court sentenced Newman to 24 months in prison on Count One, 17 months in prison on Count Two, and 90 days of local incarceration on Count Three. Consistent with the joint-recommendation, the trial court ordered the prison terms be served consecutively to each other and ordered the 90-day local jail term to be served concurrently for a non-mandatory prison term of 41 months.

{¶6} Further, the trial court found that, at the time of the commission of the offense, Newman was on post-release control supervision after serving a prison term

ordered in Stark County Common Pleas court case number 2019CR2212. Accordingly, the trial court terminated Newman's post-release control supervision and sentenced Newman to an additional 785 days in prison for the violation of his post-release control. The trial court ordered the 785-day sentence for violations of post-release control supervision to be served prior to and consecutive to the 41-month prison term imposed on the instant case. Pursuant to the parties' agreement, the trial court dismissed Counts Four and Five of the indictment. The following day, the trial court filed its judgment entry of sentence.

{¶7} Newman filed a notice of appeal on April 4, 2022. He raises two assignments of error for our review, which we address together.

### Assignment of Error No. I

**The trial court erred in sentencing Appellant to consecutive prison terms.**

### Assignment of Error No. II

**The trial court erred in imposing a prison term on a violation of post-release control supervision.**

{¶8} In his first assignment of error, Newman argues that the trial court erred by imposing consecutive sentences without making the consecutive-sentencing findings pursuant to R.C. 2929.14(C)(4). In his second assignment of error, Newman argues the trial court erred by imposing a prison term for his violation of post-release control supervision, rather than a community control or financial

sanction. We first address Newman's argument that the trial court erred by failing to include consecutive-sentencing findings in its judgment entry of sentence.

{¶9} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶10} R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. However, under R.C. 2953.08(D)(1), "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that '[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.'" *State v. Morris*, 3d Dist. Hardin

No. 6-12-17, 2013-Ohio-1736, ¶ 11, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25.

**{¶11}** Here, the record is clear that the State, Newman, and Newman's trial counsel came to a meeting of the minds regarding a jointly-recommended sentence for Newman. At the change-of-plea hearing, the State detailed the joint agreement, which included a 24-month prison term for Count One and a 17-month prison term for Count Two to be run consecutively to each other and concurrently to a 90-day jail term for Count Three for an aggregate term of 41 months' imprisonment. (Feb. 8, 2022 Tr. at 4). Newman's trial counsel agreed that the State's representation was a "fair rendition" of the negotiations. (*Id.* at 7). Newman also indicated that he agreed to the terms of the joint recommendation. (*Id.* at 6-7).

**{¶12}** Therefore, we find that the record clearly demonstrates the parties had a stipulation regarding Newman's sentence. *See State v. Herald*, 3d Dist. Defiance No. 4-16-09, 2016-Ohio-7733, ¶ 51-52. Finding that a jointly-recommended sentence existed, we next determine whether the trial court imposed the jointly-recommended sentence.

**{¶13}** At the sentencing hearing, the trial court stated as follows:

Mr. Newman, just so you understand, I think the joint sentencing recommendation was a little generous. You know, there was a recommendation of 24 months for what I could do 36 months, and I've really pondered, you know, where judges are not supposed to impose the maximum sentence except for the very worst type of event, and, you know, I think you're possibly eligible for the maximum

> sentence on this just having come out of prison * * * but, your attorney
> and the State's attorney worked together and they've provided that
> recommendation to me, so, for better or for worse, I'm going to accept
> it.

(Mar. 10, 2022 Tr. at 32).    In spite of its reservations, the trial court sentenced Newman in conformity with the parties' joint recommendation. (*Id.* at 31-32). The judgment entry of sentence reflects the sentence pronounced at the sentencing hearing. (Doc. No. 29).

{¶14} As the sentence announced at the sentencing hearing and memorialized in the judgment entry of sentence was consistent with the agreement reached between the parties, we find that the trial court imposed the jointly-recommended sentence. *See State v. Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶ 9, 11.

{¶15} Finally, we consider whether Newman's sentence is authorized by law. "'A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 26, quoting *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at paragraph two of the syllabus. Newman entered guilty pleas to a third-degree felony, a fourth-degree felony, and a second-degree misdemeanor. R.C. 2929.14(A)(3)(b) authorizes a prison term of 9, 12, 18, 24, 30, or 36 months for a third-degree felony. R.C. 2929.14(A)(4) authorizes a prison term of 6 to 18 months for a fourth-degree felony. R.C.

2929.24(A)(2) authorizes a jail term of up to 90 days for a second-degree misdemeanor. Thus, Newman's sentences are within the statutory guidelines and authorized by R.C. 2929.14 and 2929.24.

{¶16} As trial courts are permitted, but not required, under R.C. 2929.14(C)(4) to impose consecutive sentences, Newman's consecutive sentences imposed under R.C. 2929.14(C)(4) are not mandatory. The Supreme Court of Ohio has held that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Sergent* at ¶ 43. "Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)." *Id.* "'Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.'" *Morris*, 2013-Ohio-1736, at ¶ 11, quoting *Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25. As we have found that Newman's sentence was imposed pursuant to a joint recommendation, we need not discuss the need for the trial court to make consecutive-sentence findings. Consequently, Newman's sentence is authorized by law.

{¶17} Accordingly, Newman's first assignment of error is overruled.

{¶18} We next address Newman's argument that the trial court erred by imposing a prison term for his violation of post-release control supervision. Specifically, Newman does not allege that the sentence the trial court imposed was contrary to law, but rather, that the trial court should have considered imposing community control or financial sanctions in lieu of a prison term.

{¶19} "'R.C. 2929.141 governs sentencing for a felony offense committed while on post-release control * * *.'" *State v. Mills*, 3d Dist. Auglaize Nos. 2-22-09 and 2-22-10, 2022-Ohio-2821, ¶ 7, quoting *State v. Murray*, 4th Dist. Highland No. 16CA24, 2017-Ohio-1293, ¶ 10. R.C. 2929.141(A) states, in pertinent part, as follows:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
>
> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶20} Thus, the trial court had the authority to terminate Newman's post-release control and impose the remaining time on post-release control as a prison term. Because the sentence was within statutory limits, "the severity of the sentence is not a basis for seeking relief on direct appeal." *State v. Holbrook*, 3d Dist. Hardin Nos. 6-19-14 and 6-19-15, 2020-Ohio-4100, ¶ 5, citing *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252 (1948).

{¶21} Furthermore, contrary to Newman's argument, a review of the record indicates that the trial court considered Newman's record. Specifically, while contemplating Newman's sentence for the violation of his post-release control, the trial court stated as follows:

Concerning the post-release control supervision, this Court has always taken that very seriously because people don't [always] get put on post-release control supervision[.] * * * I hate to say the worst of the worst [are placed on post-release control supervision], but that really is what it's all about. The ones that get mandatorily put on it are the ones that are either the worst offenders * * * that misbehave so badly in prison or * * * are the very worst kind of offenses. And I think [in your case] probably they considered both.

You know, * * * I looked at your disciplinary violations. They weren't the worst of the worst. Just I think half of them had the word disobedience in them. And there were a couple that were beyond the pale that were concerning, and those were the fighting ones I think you were talking about. But, * * * they placed you on post-release control supervision, and that, again, wasn't able to keep you stabilized

-10-

and focused on a better life. So the policy of this court * * * is [that] almost [one] hundred percent of the time for serious violations, the Court imposes [a prison sanction].

So, the Court will find that your term of post-release control supervision should be terminated as a violation sanction. For that violation, you will serve the days remaining on your supervision period in prison. That's 785 days. * * *

(Mar. 10, 2022 Tr. at 35-36).

{¶22} Accordingly, we do not find that the trial court abused its discretion by imposing the remainder of Newman's time on post release control as a prison term.

{¶23} Newman's second assignment of error is overruled.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Hardin County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**