[Cite as *State v. Howard*, 2025-Ohio-961.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Robert G. Montgomery, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| TROY HOWARD, | : | Case No. 2024 CA 0054 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                                       Court of Common Pleas, Case No.
                                                       2023-CR-0288R

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT:                        March 19, 2025

APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

MICHELLE FINK                                   MICHAEL L. BROWN
Richland County Prosecuting Attorney     805 E. Washington Street, St. 220
38 South Park Street                            Medina, OH  44256
Mansfield, OH  44902

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** Defendant-Appellant Troy D. Howard appeals the decision of the Richland County Court of Common Pleas entered on August 1, 2024. Case No. 2023-CR-0288R. Plaintiff-Appellee is the State of Ohio.

**{¶2}** On January 10, 2012, Appellant was sentenced to five years in prison in Richland County, Ohio in case No. 2012-CR-0007. Said prison term was to be served consecutive to a three-year prison sentence imposed by Richland County, Ohio in Case No. 11-CR-589. As part of his conviction in Case No. 2011-CR-0589, Appellant was ordered to serve five years of mandatory post-release control. The Appellant began to serve his sentence on January 23, 2012 and began to serve his post-release control on December 10, 2019.

**{¶3}** On April 19, 2023, the Richland County Grand jury indicted Appellant on one count of escape, a fifth-degree felony in violation of R.C. 2921.34(A)(3). A jury trial was held on August 28, 2023.

**{¶4}** On September 11, 2023, Appellant was found guilty of escape and sentenced to prison for one year. The trial court also imposed 1,164 days of post-release control prison time to be served. It is noted here that Appellant was incarcerated for 155 days between December 10, 2019 and September 11, 2023.

**{¶5}** Appellant filed a Notice of Appeal, and this court heard the case on June 21, 2024. The Fifth District Court of Appeals reversed the sentence in this matter only as to the trial court's calculation and imposition of Appellant's remaining time of post-release control pursuant to R.C. 2929.141. *State v Howard*, 2024-Ohio-2410 (5th Dist.). The Fifth

District court ordered the trial court to (1) calculate the amount of time that Appellant has remaining on his post-release control pursuant to R.C. 2929.141, *State V. Wells*, 2015-Ohio-39 (5th Dist.), *State v. Mills*, 2022-Ohio-2821 (3d Dist.), and *State v. Harris*, 2014-Ohio-4237 (1st Dist.) and (2) explain the trial court's calculation of time for the purposes of appellate review. *Id.* at 11.

{¶6} The trial court held a resentencing hearing on July 17, 2024, in the Richland County Court of Common Pleas. The Richland County trial court found that Appellant has 1,162 days of post-release time to serve in addition to the one-year sentence imposed on the charge of escape. (Judgment Entry p. A-2.) At the resentencing hearing Supervisor Waleri presented reports from the Adult Parole Authority that Appellant absconded supervision on four separate occasions and was declared a violator at large. (Trial transcript p. 9.) Said reports specifically stated that the number of days Appellant absconded needs to be added to the offender's PRC (post-release control) Supervision date. (State's Exhibit A.) Supervisor Waleri testified that the total number of days that Appellant was declared to be a violator at large by the Adult Parole Authority was the sum of 306, 193, 112 and 101. (Resentencing hearing trial transcript p. 11.) The court found that these days should be added to the time remaining on Appellant's post-release control for purposes of sentencing. *Id.* at p.12-13.

{¶7} The court added the number of days that Appellant was found to be a violator at large to the total number of post-release control days that Appellant was to serve. In adding these days together, the court concluded that Appellant was to serve 1,162 days of post-release control time in addition to his 12-month sentence. (Judgment Entry p. A-2.)

**STANDARD OF REVIEW**

**{¶8}** The trial court must calculate the amount of time that Appellant has remaining on his post-release control pursuant to R.C. 2929.141. *State v. Wells*, 2015-Ohio-39 (5th Dist.); *State v. Mills*, 2022-Ohio-2821 (3rd Dist.); *State v.Harris*, 2014-Ohio-4237 (1st Dist.).

**ASSIGNMENT OF ERROR**

**{¶9}** *"I. APPELLANT ASSERTS THAT HIS SENTENCE WAS CONTRARY TO LAW."*

**ANALYSIS**

**{¶10}** The trial court was ordered by this court to recalculate Appellant's remaining time on post-release control pursuant to R.C. 2929.141*, Wells, Mills* and *Harris*.

**{¶11}** RC.2929.141 determines how a court sanctions a violator of post-release control. A violator may be sentenced to a prison term of no more than the greater of 12 months or the period of post-release control for the earlier felony minus any time spent under that post-release control. "R.C. 2929.141 governs sentencing for a felony offense committed while on post-release control * * *." *State v. Mills*, 2022-Ohio-2821 (3rd Dist.). Appellant argues that he was on post-release control continuously from December 10, 2019 until September 11, 2023. This court ordered the trial court to consider *State v. Wells*, *Id., State v. Mills*, *Id.,* and *State v. Harris*, *Id.* These cases speak to the issue of how to calculate post-release control time when a person has been sentenced on a new felony charge. "The time remaining on his post-release control sanction should be calculated from the date of sentencing rather than the date of the offense. *State v. Wells*, 2015-Ohio-39 (5[th] Dist.). "Post release control for the earlier felony did not terminate until the

trial court imposed a prison term for the post-release control violation. *State v. Harris*, 2014-Ohio-4237 (1st Dist.). At the resentencing hearing, Appellant was given post-release control credit for days that he was incarcerated prior to the date of his sentencing on the new felony charge. Appellant was not given credit for time that the Adult Parole Authority declared him to be a violator at large.

{¶12} Appellant's argument that he has 455 days of post-release time to serve does not consider the number of days the Adult Parole Authority declared him to be a violator at large. The State provided the trial court with records from the Adult Parole Authority and made the documents part of the court's record. The trial court correctly calculated Appellant's sentence in accordance with this court's June 21, 2024 decision and explained its calculation.

{¶13} Appellant also makes an argument in his brief that the court did not properly notify him that post-release control is part of his sentence. The trial court sentenced Appellant on September 6, 2023. That sentence was appealed to this court who reversed the trial court's decision in part and ordered the trial court "to calculate the amount of time that Appellant has remaining on his post-release control … and to explain the trial court's calculation." *State v. Howard*, 2023-Ohio-0052 (5th Dist.). The trial court held a resentencing hearing on this narrow issue and issued its decision. The only issue before the court was the correct number of post-release control days that Appellant must serve. Therefore, the trial court was not required to notify him again that post-release control was part of his sentence.

## CONCLUSION

{¶14}  The trial court's sentence of Appellant was not contrary to law. The trial court was ordered by this court to calculate the amount of time Appellant has remaining on his post-release control and to explain its calculation. The trial court explained its calculation and issued a Re-Sentencing Entry as to Post Release Control Time  Imposition Only with the Richland County Court of Common Pleas on August 1, 2024.

{¶15}  Appellant's sole assignment of error is overruled and the decision of the trial court is AFFIRMED.

By: Montgomery, P.J.

Popham, J. and

Gormley, J. concur.