[Cite as *State v. Howard*, 2025-Ohio-4718.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 0060 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2023 CR 0288R |
| TROY HOWARD | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 10, 2025 |

BEFORE: Kevin W. Popham, Craig R. Baldwin, David M. Gormley, Appellate Judges

**APPEARANCES:** JODIE M SCHUMACHER, Richland County Prosecutor, by MICHELLE FINK, Assistant Prosecuting Attorney, for Plaintiff-Appellee; TROY HOWARD, Pro Se Defendant-Appellant

OPINION

*Popham, J.*

{¶1}   Defendant-Appellant Troy Howard ("Howard") appeals the July 21, 2025, Judgment Entry of the Richland County Court of Common Pleas overruling his Petition to Vacate or Set Aside Judgment of Conviction or Sentence. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2}   On September 9, 2011, Howard was indicted by the Richland County Grand Jury on one count of burglary, which was filed as Richland County Court of Common Pleas Case No. 2011-CR-0589. On January 10, 2012, he pleaded guilty to the burglary

charge. Pursuant to a joint recommendation, the trial court sentenced Howard to three years in prison. *State v. Howard*, 2017-Ohio-7554, ¶ 2 (5th Dist.) ("*Howard I*").

{¶3} On January 6, 2012, Howard faced a second indictment—this time on one count of aggravated burglary, one count of burglary, and three counts of breaking and entering, which was filed as Richland County Court of Common Pleas, Case No. 2012-CR-0007. On January 10, 2012, Howard pleaded guilty to the aggravated burglary count and the three breaking and entering counts; the remaining burglary count was dismissed. Consistent with another joint recommendation, the trial court imposed a five-year sentence to run consecutively to the sentence in Case No. 2011-CR-0589. *Howard I* at ¶ 3.

{¶4} On January 23, 2012, Howard began serving his sentence, as part of which Howard was ordered to serve five years of mandatory post-release control. Howard was released from prison on December 10, 2019. *Judgment Entry Overruling Petitioner's Petition for Post-Conviction Relief* filed July 21, 2025, at 2. Howard's post-release control started on December 10, 2019. *State v. Howard,* 2024-Ohio-241, ¶¶ 3-4 (5th Dist.) ("*Howard, II*").

{¶5} Howard's compliance with post-release control faltered. On January 31, 2023, the Adult Parole Authority declared him a violator-at-large, and a warrant was issued for his arrest. *Howard, II* at ¶9.

{¶6} As a result of that violation, on April 19, 2023, the Richland County Grand Jury returned an indictment, filed as Richland County Court of Common Pleas Case No. 2023-CR-0288R, charging Howard with one count of escape, a fifth-degree felony in violation of R.C. 2921.34(A)(3). On August 28, 2023, a jury trial was commenced on the

escape charge. *Howard, II* at ¶ 2; *State v. Howard*, 2025-Ohio-961, ¶ 3 (5th Dist.) ("*Howard III*").

{¶7}   On September 11, 2023, the jury returned a guilty verdict.  The trial court sentenced Howard to one year in prison and imposed an additional 1,164 days of post-release control prison time. The record reflects that Howard had already been incarcerated for 155 days between December 10, 2019, and September 11, 2023. *Howard, III*, at ¶ 4.

{¶8}   Howard appealed. This Court affirmed the escape conviction but reversed the trial court's calculation and imposition of his remaining post-release control time under R.C. 2929.141. We remanded with these specific instructions: the trial court was to (1) recalculate the time remaining on Howard's post-release control pursuant to R.C. 2929.141, and (2) set forth its calculation in detail for purposes of appellate review. *Howard II* at ¶ 29; *Howard, III* at ¶ 5.

{¶9}   On remand, the trial court conducted a resentencing hearing on July 17, 2024. *Howard III* at ¶ 6. The trial court included in its calculation the number of days Howard had been classified as a violator-at-large, concluding that he was required to serve 1,162 days of post-release-control time in addition to his 12-month prison term. *Id.* at ¶ 7.

{¶10}  Howard again appealed and challenged the legality of the resentencing. We rejected that challenge, holding that "the State provided the trial court with records from the Adult Parole Authority and made the documents part of the court's record. The trial court correctly calculated Appellant's sentence in accordance with this Court's June 21, 2024 decision and explained its calculation." *Howard III* at ¶ 12. We further concluded

that, because the only issue before the trial court was the calculation of remaining post-release control time, the trial court was not required to advise Howard again that post-release control was part of his sentence. *Id.* at ¶ 13.

**{¶11}** Undeterred, on October 23, 2024, Howard filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence (Docket Entry No. 56). The Petition advanced two principal claims. First, Howard argued that his escape conviction was not supported by sufficient evidence because he had never been advised that failing to report to his parole officer could result in an escape charge.

**{¶12}** Second, Howard alleged ineffective assistance of trial counsel in five respects: (1) failure to file pre-trial motions; (2) failure to submit documents into evidence; (3) failure to instruct the jury on the elements of escape; (4) failure to cross-examine the State's witnesses; and (5) failure to subpoena witnesses and documents he claimed would have supported the defense.

**{¶13}** On March 12, 2025, the trial court filed a Judgment Entry overruling Howard's petition for post-conviction relief. (Docket Entry No. 59).

**{¶14}** In its judgment entry, the trial court first observed that Howard's petition lacked a certificate of service indicating that he had served the State with a copy of the petition.

**{¶15}** The trial court further determined that Howard had been adequately advised - both in open court and in the sentencing entry - that violating post-release control conditions could result in additional prison time of up to 50 percent of the original prison term and, if the violation involved a new felony, in a new prison term equal to the greater of one year or the time remaining on post-release control. The court noted that Howard

was released from prison on December 10, 2019, and signed the terms and conditions of post-release control two days later. The record also included a Sanctions Receipt of Violation Report bearing Howard's signature, which was admitted at his jury trial on the escape charge. The trial court emphasized that there is no requirement that a defendant be advised at sentencing that failure to report to a parole officer while on post-release control can result in an escape charge.

{¶16} The trial court also found that this Court already determined that Howard's conviction for escape was supported by sufficient evidence. *Howard II.*

{¶17} Turning to Howard's ineffective-assistance claims, the trial court held that these claims were barred by res judicata because Howard was represented on direct appeal by new counsel and failed to demonstrate newly discovered evidence to justify re-litigating issues that were, or could have been, raised previously on his direct appeal from the escape conviction.

{¶18} The trial court also rejected the substance of Howard's allegations, noting that the jury instructions accurately set forth the elements of escape, that trial counsel did cross-examine the State's witnesses, and that the terms and conditions of post-release control were admitted into evidence. Howard, the court observed, failed to explain how the additional witnesses or documents he identified would have aided his defense or changed the verdict.

{¶19} Howard filed a notice of appeal from the March 12, 2025, judgment entry but voluntarily withdrew that appeal on April 22, 2025. By judgment entry filed May 16, 2025, this Court dismissed the appeal pursuant to Howard's request. *State v. Howard*, 5th Dist. Case No. 2025-CA-0020.

**{¶20}** On May 8, 2025, Howard filed another Petition to Vacate or Set Aside Judgment of Conviction or Sentence (Docket Entry No. 69). This petition was identical to his October 23, 2024 petition, save for the addition of two exhibits: a Placement-Investigation Request and Howard's letter requesting minutes or case information.

**{¶21}** Finding that the filing constituted a successive petition for post-conviction relief, on July 21, 2025, the trial court denied Howard's Petition on the same grounds stated in its March 12, 2025, judgment entry.

**{¶22}** Howard now appeals the July 21, 2025, Judgment Entry overruling his Petition to Vacate or Set Aside Judgment of Conviction or Sentence, assigning the following errors.

*Assignments of Error*

**{¶23}** Howard raises two assignments of error for our consideration,

**{¶24}** "I. APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BY A CONVICTION THAT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

**{¶25}** "II. INEFFECTIVE ASSISTANCE OF COUNSEL."

### Post-Conviction Relief Principles

**{¶26}** At the outset, we observe that, despite its title, Howard's "Motion to Vacate" was, in substance, a motion for post-conviction relief. A motion filed after the conclusion of a direct appeal that asserts a denial of constitutional rights, seeks to render the judgment void, and requests that the judgment be vacated is properly treated as a post-conviction relief petition. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

**{¶27}** Post-conviction relief, although designed to remedy alleged constitutional violations, operates as a civil collateral attack on a criminal judgment—not as a second appeal. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Consequently, a post-conviction petition does not afford the petitioner a renewed opportunity to relitigate his conviction, nor does it automatically entitle him to an evidentiary hearing. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980); *State v. Lewis*, 2008-Ohio-3113, ¶ 8 (5th Dist.).

### *Standard of Review – Post-Conviction Relief*

**{¶28}** Against this legal backdrop, our review is guided by the standard established by the Ohio Supreme Court - "a trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." *State v. Gondor*, 2006-Ohio-6679, ¶ 58; *see also State v. Weaver*, 2022-Ohio-4371, ¶ 24; *State v. Curtis*, 2019-Ohio-2587, ¶ 14.

### *Timeliness*

**{¶29}** At the threshold, the trial court correctly treated Howard's motion as a successive petition for post-conviction relief governed by R.C. 2953.21.

**{¶30}** Under R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 365 days of the filing of the trial transcript in the court of appeals in the direct appeal of the judgment of conviction. If no appeal is taken, the petition must be filed within 365 days after the expiration of the time for filing an appeal.

**{¶31}** This deadline is not merely procedural; it is jurisdictional. A trial court may not grant an untimely or successive petition unless one of two narrow statutory exceptions applies. R.C. 2953.23(A); *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36; *see also State v. Parker*, 2019-Ohio-3848, ¶ 19. To qualify for these exceptions, a petitioner must demonstrate both:

> (a) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.

> (b) the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ...

R.C. 2953.23(A)(1).

### Res Judicata

**{¶32}** Even when a petition is timely, res judicata often forecloses relief. Res judicata provides a proper basis to deny a petition for post-conviction relief without an evidentiary hearing. *State v. Mack*, 2024-Ohio-6102, ¶ 21 (5th Dist.); *State v. Lentz*, 70 Ohio St.3d 527, 530 (1994). As the Supreme Court of Ohio explained, a final judgment of conviction bars a defendant represented by counsel from raising, in any subsequent proceeding other than a direct appeal, any defense or due-process claim that was or

could have been raised at trial or on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

**{¶33}** This principle is pertinent here. Howard's May 8, 2025, Petition to Vacate or Set Aside Judgment of Conviction or Sentence alleged insufficient evidence and ineffective assistance of counsel - claims aimed solely at his escape conviction. That conviction, however, was already the subject of his direct appeal in *Howard II*. On direct appeal, represented by counsel different from his trial attorney, Howard argued both that the evidence was insufficient and that his conviction was against the manifest weight of the evidence. We overruled both assignments of error.

**{¶34}** Ordinarily, if a claim could have been presented at trial or on direct appeal, it cannot later be revived in a post-conviction petition. A narrow exception exists for claims of ineffective assistance of counsel. Where a petitioner had different counsel at trial and on appeal, and the claim could have been raised on the trial record, res judicata likewise bars the claim. By contrast, if the petitioner had the same counsel at trial and on appeal or must rely on evidence outside the record to substantiate the claim, res judicata does not bar the ineffective assistance claim. *State v. Cole*, 2 Ohio St.3d 112, 113-14 (1982); *see also State v. Grate*, 2023-Ohio-2103, ¶ 30 (5th Dist.).

**{¶35}** Thus, to avoid preclusion by res judicata, Howard was required to produce new evidence rendering the judgment void or voidable and to demonstrate that he could not have raised his claim on the original trial court record. *State v. Blanton*, 2022-Ohio-3985, ¶ 93; *State v. Shuster*, 2019-Ohio-4233, ¶ 6 (5th Dist.); *State v. Elmore*, 2005-Ohio-5940, ¶ 18 (5th Dist.).

***Evidence Outside the Record***

**{¶36}** The post-conviction framework imposes another significant limitation: evidence offered *dehors* the record must be more than evidence that existed and was available at trial but simply went unused. *Grate*, ¶ 24; *Elmore*, ¶ 23. The purpose of a post-conviction petition is not to provide a convicted defendant with a second opportunity to retry the case.

**{¶37}** Here, Howard attached nine exhibits to his Petition. Of these, only Exhibit I - a letter requesting information - was not available during his direct appeal. Accordingly, the remaining materials do not establish that he was unable to raise his ineffective assistance claim on appeal.

I. & II.

***Substantive Claims***

**{¶38}** Howard's central contention, underlying both his sufficiency of the evidence and ineffective assistance claims, is that neither the trial court nor his parole officer explicitly advised him that absconding or failing to report as required could result in an Escape charge.

**{¶39}** The record reveals that at sentencing, the trial judge informed Howard - both orally and in the sentencing entry - that violating the conditions of post-release control could result in additional prison time of up to 50 percent of the original term and, if the violation involved a new felony, a prison term equal to the greater of one year or the remaining time on post-release control.

**{¶40}** More importantly, nothing in Ohio law requires the trial court to advise a defendant that failure to report for post-release control may lead to an Escape charge.

*State v. Milczewski*, 2012-Ohio-1743, ¶ 17 (8th Dist.); *State v. Jones*, 2013-Ohio-489, ¶ 42 (8th Dist.). The United States Supreme Court has long recognized that "[t]he general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991).

**{¶41}** Nor was Howard deprived of fair notice. "'[T]he first essential of due process of law' is the accused's right to fair notice of the proscribed conduct." *State v. Wheatley*, 2018-Ohio-464, ¶ 33 (4th Dist.), quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). The Escape statute itself supplies that notice. R.C. 2921.34(A)(3) defines Escape as:

> No person, knowing the person is under supervised release detention or being reckless in that regard, shall purposely break or attempt to break the supervised release detention or purposely fail to return to the supervised release detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

**{¶42}** As the United States Supreme Court has emphasized, every citizen is presumed to know the law. *Bryan v. United States*, 524 U.S. 184, 193 (1998).

**{¶43}** Finally, Howard alleges that there were three indictments differing only in the file-stamp timing and in who signed the indictment. The indictments are identical in substance, each defining the crime of Escape under R.C. 2921.34(A)(3). Howard has not demonstrated that the difference in time stamps or signatures prejudiced his defense in any way.

## Disposition

{¶44}    In sum, the Petition, supporting affidavits, documentary evidence, and the record as a whole do not demonstrate that Howard presented sufficient operative facts to establish substantive grounds for relief. *Calhoun*, 86 Ohio St.3d at syllabus ¶ 2; R.C. 2953.21(C).

{¶45}    Howard's claims are all either barred by res judicata or fail to set forth a viable substantive ground for relief. Accordingly, Howard's first and second assignments of error are overruled.

{¶46}    For the reasons set forth above, the judgment of the Richland County Court of Common Pleas is affirmed.  Costs to Appellant.

By: Popham, J.

Baldwin, P.J. and

Gormley, J. concur